# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **UMEKA LEWIS-PICCOLO** § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> **CITY OF HOUSTON, AND** § <br> **ELIZABETH E. GONZALEZ,** § <br> **MAGED MOHAMMED ABUZAID, AND** § <br> **DAVID REYES, INDIVIDUALLY.** § <br> **DEFENDANTS.** | CIVIL ACTION NO. 4:16-cv-02897 <br> **JURY DEMAND** |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Umeka Lewis-Piccolo, files this original petition, request for disclosure, request for admissions, against defendants, City of Houston, Elizabeth E. Gonzalez, in her individual capacity and Majed Abuzaid, alleges as follows:

### B. Parties

1. Plaintiff, Umeka Lewis-Piccolo, P.O. Box 27353, Houston TX 77227

2. Defendant, City of Houston, 900 Bagby St. TX 77002, Agent Mayor of Houston Sylvester Turner, through City of Houston Secretary.

3. Defendant, Elizabeth E. Gonzalez

4. Defendant, Majed Abuzaid

### C. Jurisdiction

5. This court has jurisdiction over this action based on the amount in controversy, being more than ten thousand dollars, and the nature of the claim, property damage, and personal injury.

### D. Venue

6. Venue of this suit lies in Harris County, Texas for the following reasons:
   Under Tex. Civ. Prac. &Rem. Code § 15.002(a)(1), venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in the county of suit; venue is also proper because defendants conduct business in the county of suit.

### E. SUMMARY OF FACTS

7. On June 5, 2015, Attorneys Umeka Lewis and Amir Tavakkoli represented defendants in a lawsuit that involved three parties, a plaintiff, Ally Bank, defendant, Elda Lumbreras, and cross defendant A Auto, Inc.

8. A discovery request inspection, not an order, was propounded by the plaintiff in the case to A Auto, Inc., and served to all the parties to take place at A Auto, Inc. 8504 Hillcroft St., Houston, TX. 77096 at 1:00pm.

9. All parties appeared for the inspection, but the owner of A Auto Inc. Majed Abuziad promptly objected to all parties entering the back of his property, to see the vehicle pursuant to discovery request for inspection. Mrs. Lewis-Piccolo is a lawyer who had successfully sued him in the past. He has a long list of complaints and lawsuit for taking vehicles from unsuspecting victims in a bait and switch type of scheme.  Luring unsuspecting consumers to have their vehicles repaired for a very low price, then once the vehicle is in Abuzaid's custody, he changes the rate to an unreasonable amount (often the value of the vehicle), places a mechanic's lien on the vehicle, and sells the vehicle if the person does not pay the higher rate (See Harris County public records).

10. Once he identified Mrs. Lewis-Piccolo he became very irate and began to exhibit aggression towards Mrs. Lewis-Piccolo, so Mr. Tavakkoli began documenting by recording video with his cellphone. Abuziad's aggression quickly shifted to Mr. Tavakkoli and he ripped the cellphone from his hands. Tavakkoli immediately called for police at 911.

11. They continued to feel threaten, so they left the premises without participating in discovery request, and waited on the nearby public sideway to wait for the police to arrive. There was no response for about two hours, Mrs. Lewis-Piccolo made subsequent follow-up calls to find out the delay, as they waited.

12. Houston Police officer Elizabeth Gonzalez arrived at the scene and took statements from Ms. Lewis and Mr. Tavakkoli, they explained that Majed Abudzaid was upset that Mrs. Lewis-Piccolo was there since she had successfully sued him in the past, became aggressive and ultimately took Mr. Tavakkoli phone by force from him, leaving a red *weep* on his hand.

13. Elizabeth Gonzales then went inside the business, as Mrs. Lewis-Piccolo and Tavakkoli continued to wait on the side walk, to take a statement from, the federally convicted felon, Maged Mohammed Abuzaid.

14. About 5 minutes later, Elizabeth Gonzalez reemerged from the business after talking to, the federally convicted felon, Maged Mohammed Abuzaid, but very angry and speaking in a brash accusatory tone to Ms. Lewis and Tavakkoli stating "you told me you had history, but not like that, I should arrest you two for trespassing, but I has been more than a year, since your last warning."

15. Mrs. Lewis-Piccolo had never been to this business before, so she was perplexed at the statements that Elizabeth Gonzalez was making. Elizabeth Gonzalez also stated that the time during the limited time she was in there she watched the surveillance video and there was no assault, and she would arrest us. Mrs. Lewis-Piccolo was even more perplexed that nothing was

going to happen to, the federally convicted felon, Maged Mohammed Abuzaid after they waited two hours in ninety plus degree heat, and how they could summons law enforcement and then be accused, and threaten with being arrested.

16. She inquired how they could possibly be arrested for. Gonzalez demanded Mrs. Lewis-Piccolo leave the public sidewalk and go to the car. Mrs. Lewis-Piccolo did not go immediately, but asked for her sergeants' information, this escalated Gonzalez's anger, she continued yell and to demand Ms. Lewis "GO TO THE CAR!" Mrs. Lewis-Piccolo did not go to the car, but stated she would car someone to report Gonzalez. Gonzalez replied "I don't care...you can call the chief of police." Once Lewis-Piccolo begin to walk to the car with her cellphone in hand to attempt to call and report Elizabeth Gonzales, Gonzalez grabbed Mrs. Lewis-Piccolo and stated Lewis-Piccolo was under arrest for interfering with public duties, and generated a report to reflect such.

17. However, Lewis had been recording a video of the interaction, this is in addition to the surveillance video provided by A Auto, Inc. to the Harris County District Attorney's office, which had to be produce as exculpatory evidence in Lewis-Piccolo's criminal case, which clearly shows that Lewis was indeed walking away and stating she was calling to report Gonzalez. Gonzalez chased Lewis down to stop her from reporting her. She placed Lewis-Piccolo under arrest. (See Exhibit A and Exhibit B-Deposited with the court clerk)

18. Mrs. Lewis-Piccolo put her hands behind her back and complied. Elizabeth Gonzalez then yanked Ms. Lewis' arms closer together and stated "stop resisting." Out of fear the video would be destroyed, Mrs. Lewis-Piccolo gave her cellphone with the video to her colleague, Mr. Tavakkoli, then Mrs. Lewis-Piccolo was placed in the back of a Police SUV with the windows up on the June summer day in Houston, TX, with the windows rolled up, where she remained, until booked to the jail.

19. A window was later rolled down, not to relieve Lewis-Piccolo from the heat, but so that Elizabeth Gonzales could further humiliate Attorney Lewis-Piccolo by bringing, the federally convicted felon, Maged Mohammed Abuzaid to the window to provide a verbal trespass warning.

20. Attorney Lewis-Piccolo was taken to jail, after Gonzalez stopped at some midpoint along the way to complete paperwork in the driver's seat, while Lewis-Piccolo remained in the backseat and processed at approximately 4:00pm. Gonzalez requested a homicide hold, and no bail was set until 6:00am the next morning.

21. The bail was set at $2500. Attorney Lewis-Piccolo was released from jail at approximately 9:00am the next day. Elizabeth Gonzalez falsified a police report by including false accusations and statements to uphold the wrongful arrest, and false imprisonment. Attorney Lewis-Piccolo's recorded video of the incident on her cellphone, which documented facts that were contrary the police offense report generated by Gonzalez, this lead to the charges against Mrs. Lewis-Piccolo being dismissed.

22. Mrs. Lewis-Piccolo had to hire an attorney to defend her in the criminal case against her, for a fee agreement of $3000.00 pre-trial, and additional $3,000.00 for trial. She further had to waste time going to court to appear on three occasions, after her release from jail. She had to cancel her attorney appearances, appointments, and schedule to appear at the criminal court setting.

23. Mrs. Lewis-Piccolo was embarrassed, forced to explain the arrest to her clients, colleagues, employees, family, and friends, which causes anxiety about what their reactions might be. She was unable to complete her work for the day and missed crucial deadlines. She has suffered damage to her reputation, as an attorney, all due to Elizabeth Gonzalez abusing her authority as an HPD officer, and retaliating against Mrs. Lewis-Piccolo for attempting to call Elizabeth E Gonzalez's direct supervisor. Mrs. Lewis-Piccolo can longer consider making a call for emergency services without becoming severely anxious, nervous, as a result of this experience with Elizabeth Gonzalez.

## Count 1 – Wrongful Prosecution

24. Mrs. Lewis-Piccolo was prosecuted for the criminal charge of interference with public duties, the Harris County District Attorney's office commenced against the plaintiff, without as much as reasonable suspension.

25. Elizabeth E. Gonzalez initiated the prosecution, by filing a false police report, naming Mrs. Lewis-Piccolo as "a suspect" to insinuate that she was responding to a call to investigate Ms. Lewis.

26. After several criminal settings and the video evidence was made available to the county prosecutors the prosecution was terminated, with a dismissal, in the Ms. Lewis's favor.

27. There was no probable cause for the arrest of Ms. Lewis for interfering with public duties, and she was completely innocent of interference with public duties.

28. Elizabeth Gonzales acted in retaliation, for Ms. Lewis understanding and exercising her right to remain on the public sidewalk, contrary to Elizabeth Gonzalez wishes that she "GO TO THE CAR!"

29. As a result of this abuse of authority, exhibited by Elizabeth E. Gonzalez, Mrs. Lewis-Piccolo had to hire an attorney, post a bond, lose time from work, and suffer injury to her reputation.

## Count 2 – Violation of 42 USC Sec. 1983

30. Mrs. Lewis-Piccolo's constitutional right, under the fourth amendment to be from illegal search and seizure, after wrongfully being incarcerated, for one day. She had to hire attorneys to defend against the baseless charges brought by Defendants. It was well known at the time that if a person is arrested without a reasonable belief that a crime has been committed it is a violation of their constitutional right. Officer Elizabeth E. Gonzalez of Fort Bend County was aware that Umeka Lewis-Piccolo had not committed a crime, and falsified her

report to support the charges that caused to prosecutor to accept charges. It was not until the prosecutor watched the video shot by Lewis-Piccolo, and provided surveillance video did the prosecutor understand that the report created by Gonzalez was false. The charges were dismissed as a result. The dismissal was delayed due the prosecutor insisted on taking custody of the video shot by Lewis-Piccolo, which she refused to release.

## Count 3-False Imprisonment

5. In the alternative to the 42 USC 1983 Claim, Elizabeth E. Gonzalez willfully placed Mrs. Lewis-Piccolo in the back of her Office Police SUV, with the windows rolled up in over ninety-degree weather, in the summer month of June, where she detained the plaintiff without her consent.
6. The detention was without justification, since Mrs. Lewis-Piccolo had not committed a crime. Based on the information obtained from Maged Mohammed Abuziad, Elizabeth E. Gonzalez acted at the direction of convicted felon Maged Mohammed Abuzaid, aka David Reyes, and found a way to arrest Mrs. Lewis-Piccolo.

## Count 4-Assault by Maged Mohammed Abuzaid, aka David Reyes

7. Maged Mohammed Abuzaid, aka David Reyes, placed Mrs. Lewis-Piccolo in imminent fear of bodily harm. His anger, threats and assault of Amir Tavakkoli that was also directed towards Mrs. Lewis-Piccolo and caused her to be placed in fear of imminent bodily harm directly which she expressed to the emergency call operator.

## I. Jury Demand

8. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## J. Request for Disclosure

9. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### K. Objection to Magistrate Judge

10. Plaintiff objects to a Magistrate Judge hearing a trial on the merits or presiding at a jury trial.

### M. Damages

11. Defendant Gonzalez's wrongful prosecution, and false imprisonment caused injury to plaintiff, which resulted in the following damages:
    a. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.
    b. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a), against defendant Gonzalez and City of Houston.

12. As a direct and proximate result of the current made the base of the lawsuit plaintiff following damages: reasonable medical care and expenses in the past and future. These expenses were incurred by Plaintiff for necessary care and treatment of the injuries resulting from the accident complain of herein it says charges are reasonable and we're usual and customary charge for the service is in Harris County Texas.

13. Mental Anguish, and emotional distress in the past, present, and future by reason of the above plaintiff, Umeka Lewis-Piccolo, has suffered losses in damages that would fairly and reasonably compensate plaintiff for her

damages be properly determined by a jury after consideration of all of the evidence presented at trial, as to each defendant.

14. Attorney fees pursuant to 42 U.S.C. § 1988, against defendant Gonzalez and City of Houston.

15. Punitive Damages ,against defendant Gonzalez and City of Houston.

### N. Prayer

16. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer and that plaintiff be awarded a judgment against defendant for the following:

   a. Actual damages.
   b. Exemplary damages.
   c. Prejudgment and post-judgment interest.
   d. Court costs.
   e. Consequential Damages
   f. Direct Damages
   g. Attorney Fees
   h. Punitive Damages
   i. All other relief to which plaintiff is entitled.

Respectfully submitted,
BLASINGAME WHITLEY
By: /s/Robert A. Whitley
Robert A. Whitley
Texas Bar No. 24056522
SD No. 989230
robert@whitlegal.com
12621 Featherwood Dr., Suite 282
Houston, Texas 77034
Tel. (281) 741-5225
Fax. (281) 741-9549
Attorney for Plaintiff

By: /s/Helen Ashegbeyeri
Helen Ashegbeyeri
Texas Bar No. 24094229 2924121
SD No. 2924121
P.O. Box 820962
Houston, TX 77282-0962
Tel. (832) 844-1303
Fax.(801) 335-1461
helen@yourentatty.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on October 26, 2016 a true and correct copy of the Objection to Referral to Magistrate was served to each person listed below by the CM/ECF system.

/s/ Robert A. Whitley
Robert A. Whitley

/s/Helen Ashegbeyeri
Helen Ashegbeyeri

BRIAN A. AMIS
Senior Assistant City Attorney
Federal I.D. No. 37342
Texas Bar No. 24040424
Phone No. (832) 393-6464
brian.amis@houstontx.gov
ATTORNEY-IN-CHARGE

SUSANA G. SOSA
Assistant City Attorney
Federal I.D. No. 2292237
Texas Bar No. 24083894
Phone No. (832) 393-6320
susana.sosa@houstontx.gov

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002-0368
Fax (832) 393-6259

ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON AND
ELIZABETH E. GONZALEZ


WILLIAM P. CAPASSO
Law Office of William Capasso, PLLC
8866 Gulf Freeway, Suite 440
Houston, Texas 77017
(713) 928-6700
ATTORNEY FOR DEFENDANT
MAJED MOHAMMED ABUZAID