**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UMEKA LEWIS-PICCOLO | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 4:16-cv-02897** |
| CITY OF HOUSTON, | § | |
| ELIZABETH E. GONZALEZ, MAGED | § | |
| MOHAMMED ABUZAID, AND | § | |
| DAVID REYES, INDIVIDUALLY | § | |
| *Defendants.* | § | |

<u>**DEFENDANT ABUZAID'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT**</u>

**NOW COMES** Defendant, Maged Mohammed Abuzaid, Movant herein, and brings this Motion for No Evidence Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and in support hereof, shows the court the following:

**I.**

A.    An adequate time for discovery has passed.

1.    This suit was originally filed on June 6, 2016 in the State Court of Harris County, Texas.

2.    By Pretrial Order, discovery in this cause was to be completed by November 30, 2018.

**II.**

A.    Plaintiff has filed a claim against Movant seeking affirmative relief for the State law claim of Assault after she claimed that she was assaulted after Defendant Abuzaid removed a telephone from the hand of another individual, Amir Tavakkoli, after he had put it in his face. It is undisputed that Defendant Abuzaid did not make any physical contact with Plaintiff.

1.    There is no evidence of one or more of the following elements of Assault,

by Threat of Bodily Injury, on which Plaintiff has the burden of proof at trial.

    a.    That the Defendant acted intentionally or knowingly;

    b.    That the defendant threatened the plaintiff with imminent bodily injury; or

    c.    That the defendant's threat caused injury to the plaintiff.

To prove an action for assault by threat of bodily injury, the plaintiff must establish the defendant acted intentionally or knowingly, Tex. Pen. Code Sect. 22.01(a)(2).

    2.    Plaintiff's claims for Assault against Maged Abuzaid should be dismissed.

Plaintiff has presented no evidence to support Plaintiff's Claim that Maged Abuzaid committed Assault against her.

Plaintiff has not provided any evidence that Maged Auzaid committed an assault against her. She claims in her Third Amended Complaint, that she felt threatened because Maged Abuzaid allegedly assaulted her co-counsel, Amir Tavakkoli by taking a phone from him when Mr. Tavakkoli was putting it in his face and he felt threatened. (Doc. 42-1, Page 3 ¶¶ 5). Plaintiff admits that his actions were not directed against her. An essential element of Plaintiff's State Law claim for assault is that "the defendant threatened the plaintiff with imminent bodily injury," which Plaintiff readily admits did not occur. (Doc. 41, p. 6 ¶¶ 6-10). *Cook v. State, 940 S.W. 2d 344, 347 (Tex. App. – Amarillo 1997, pet. Ref'd).*

Because Plaintiff cannot prove the essential element that defendant threatened her with imminent bodily injury, Plaintiff's claim of Assault by Maged Abuzaid must be dismissed.

**III.**
**ARGUMENT AND AUTHORITIES**

A.  Standard of Review for Summary Judgment

Summary judgment is proper under Rule 56, Federal Rules of Civil Procedure, if the movant establishes that there is no genuine issue of material fact and the law entitles the movant to a judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the non-movant's case." *Littlev. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994).

**WHEREFORE, PREMISES CONSIDERED**, Defendant, Maged Mohammed Abuzaid, prays that this Honorable Court will dismiss Plaintiff's claim of Assault, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

By:  */s/ William Capasso*
　　　William P. Capasso
　　　Texas Bar No. 24014271
　　　Federal ID. 437821
　　　Email:  wpc@capassolaw.com
　　　8866 Gulf Freeway, Suite 440
　　　Houston, Texas 77017
　　　Tel. (713) 928-6700
　　　Fax. (713) 928-3700
　　　Attorney for Defendant
　　　Maged Mohammed Abuzaid

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on December 28, 2018, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Randall L. Kallinen
511 Broadway Street
Houston, Texas 77012

JENNIFER F. CALLAN
ATTORNEY IN CHARGE
Senior Assistant City Attorney

JAMES C. BUTT
Senior Assistant City Attorney

*/s/ William Capasso*
William P. Capasso
